**Mrs. W. H. Carter, Defendant in Error, v. J. J. Mines, Plaintiff in Error.**

### Gen. No. 18,661.

1. MUNICIPAL COURT—*stenographic report.* Where a stenographic report from the municipal court is presented for signature within thirty days to a judge who did not hear the case, and after thirty days is certified and signed by the trial judge *nunc pro tunc* as of the date presented to the first judge, the Municipal Court Act, § 23, is not complied with and the report is properly stricken from the files on motion of defendant in error.

2. MUNICIPAL COURT—*where stenographic report is stricken from files.* Where the stenographic report is stricken from the files and there are no errors presented in an assignment of errors aside from those based on such report, the judgment is affirmed.

Error to the Municipal Court of Chicago; the HON. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 30, 1912.

WILLIAM E. KEELEY, for plaintiff in error.

EVERETT & McGONIGLE, for defendant in error.

PER CURIAM.  Defendant in error presents her motion to strike from the record the bill of exceptions and stenographic report of evidence in this cause and to affirm the judgment of the municipal court, on the ground that the bill of exceptions or report was not signed by the trial judge within the time prescribed by the statute, and because the certificate of the judge is not in conformity with the statute.

Judgment was entered June 20, 1912, by Joseph Sabath, one of the judges of the municipal court, before whom the case was tried.  On July 20, 1912, the stenographic report apparently was presented to James C. Martin, one of the judges of the municipal court, who endorsed it as "Presented for signature" on that day.  Subsequently, on September 28, 1912, the trial judge, Joseph Sabath, certified to the record as a correct statement of facts and signed it as follows: "Dated this 28th day of September, 1912, and entered *nunc pro tunc* as of July 20, 1912.  Joseph Sabath, Judge of the Municipal Court of Chicago."

Construing paragraph 6 of section 23 of the Municipal Court Act, together with section 81 of the Practice Act, which has been adopted by rule 23 of the municipal court, the correct practice seems to be that the stenographic report should be presented within thirty days after judgment, to the "judge by whom such final order or judgment was entered," except in the event that such trial judge is unable to act "by reason of death, sickness or other disability," which disability must appear from the record; then some judge other than the trial judge may sign such stenographic report.  We know of no rule permitting any judge other than the trial judge acting in the premises, except upon some showing that the trial judge was unable to perform his duty in this regard.

It is clear, therefore, that the stenographic report, not being signed and filed within the time provided in section 23 of the Municipal Court Act, or within any extension of time allowed by the trial court within

74    APPELLATE COURTS OF ILLINOIS.

thirty days of the entry of judgment, must be stricken from the record. Gumpert & Co. v. Junker & Co., 161 Ill. App. 445.

The assignment of errors presenting only questions which must necessarily be heard and considered on the stenographic report, we therefore cannot examine it for the purpose of considering the errors assigned, and, no errors appearing in the common law record, the judgment is affirmed.

In view of the conclusion we have reached, we do not deem it necessary to consider the second point suggested by defendant in error.

*Affirmed.*